UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SIDNEY & TIA LEYDECKER                                CIVIL ACTION

VERSUS                                                NO:      09-1362

STANDARD FIRE INSURANCE CO.                           SECTION: "B" (4)
ST. PAUL TRAVELERS INSURANCE
TRAVELERS INSURANCE

## ORDER

Before the Court is a **Motion to Fix Attorney's Fees (R. Doc. 19)** filed by the Defendant, The Standard Fire Insurance Company ("Standard Fire") in compliance with this Court's Order (R. Doc. 17) granting Standard Fire's Motion to Compel Discovery (R. Doc. 10). The motion is unopposed. The motion was heard without oral argument on Wednesday, October 7, 2009.

### I.   Factual Summary

The Plaintiffs failed to respond to Interrogatories and Requests for Production of Documents propounded by Standard Fire Insurance in compliance with Federal Rules of Civil Procedure ("Rules") 33 and 34. As a result, Standard Fire filed a Motion to Compel Discovery (R. Doc. 10), which was granted by the undersigned on September 9, 2009( R. Doc. 17). The Court ordered the award of attorney's fees and costs in connection with the Plaintiffs' failure to comply. Standard Fire now seeks an award of $252.00 in attorneys fees and costs.

Standard Fire filed a **Motion To Fix Attorney's Fees** (**R. Doc. 19)** and attached an affidavit

by its lead counsel, Reed S. Minkin ("Minkin"). Minkin appended a time report, which details the contemporaneous billing entries for the legal services rendered.

**II.     Standard of Review**

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting point" for determining the award of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id*. The lodestar is presumed to yield a reasonable fee. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). After determining the lodestar, the court must then consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)[1]. The court can make upward or downward adjustments to the lodestar figure if the *Johnson* factors warrant such modifications. *See Watkins v. Fordice*, 7 F.3d 453 (5th Cir. 1993). However, the lodestar should be modified only in exceptional cases. *Id.*

After the calculation of the lodestar, the burden then shifts to the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended "by affidavit or brief with sufficient specificity to give fee applicants notice" of the objections. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

---

[1] The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-719.

**III. Analysis**

  **A. Calculating a Reasonable Hourly Rate**

Standard Fire's fee application seeks to recover fees for services rendered in connection with an earlier filed Motion to Compel. In his affidavit, Standard Fire's counsel Minkin certifies that he graduated from Santa Clara University School of Law in May of 2001. (R. Doc. 21-4, ¶ II, Aff. of Reed S. Minkin.) He further avers that he has been a member in good standing in the Eastern District of Louisiana for five years. (R. Doc. 19-3, ¶ 1.) Minkin attests that his hourly billing rate on this file is $210.00 per hour. (R. Doc. 21-4, ¶ IV.)

Attorney's fees must be calculated at the "prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. *See NAACP v. City of Evergreen,* 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n. 11. However, mere testimony that a given fee is reasonable is not satisfactory evidence of a market rate. *See Hensley*, 461 U.S. at 439 n. 15.

Rates may be adduced through direct or opinion evidence as to what local attorneys charge under similar circumstances. The weight to be given to the opinion evidence is affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988); *see also White v. Imperial Adjustment*

*Corp.*, No. 99-03804, 2005 WL 1578810, at *8 (E.D. La. Jun. 28, 2005) (recognizing that attorneys customarily charge their highest rates only for trial work, and lower rates should be charged for routine work requiring less extraordinary skill and experience).

Where "an attorney's customary billing rate is the rate at which the attorney requests the lodestar to be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed. When that rate is not contested, it is *prima facie* reasonable." *La. Power & Light*, 50 F.3d at 328.

The Court finds that Mr. Minkin's rate of $210.00 is not reasonable given Minkin's eight years of experience. *See Creecy v. Metro. Prop. and Cas. Ins. Co.*, Civ. A. 06-9307, 2008 WL 553178, at *3 (E.D. La. Feb. 28, 2008) (Roby, J.) (awarding a $175.00 an hour to a lawyer who had practiced law for five (5) years and $200.00 an hour to an attorney with eleven (11) years of experience); *Drs. Le and Mui, Family Med. v. St. Paul Travelers*, Civ. A. 06-10015, 2007 WL 4547491, at *2-3 (E.D. La. Dec. 19, 2007) (Roby, J) (awarding hourly rates of $175.00 to an attorney with seven (7) years of legal experience and $200.00 for an attorney with eleven (11) years of experience). Therefore, after reviewing the prevailing market rates for legal services in this area from the case law, the Court concludes that a rate of $190.00 is appropriate and reasonable for Minkin's work on the motion.

### B. <u>Determining the Reasonable Hours Expended</u>

Standard Fire indicates that Minkin spent 1.2 hours in preparing the subject Motion. The Court finds that the hours sought for the subject motion is reasonable.

### C. <u>Adjusting the Lodestar</u>

As indicated above, after the lodestar is determined, the Court may then adjust the lodestar

upward or downward depending on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974).  To the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required.  *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir. 1998).  The Court has carefully considered the *Johnson* factors and concluded that they do not warrant an upward or downward departure here.  Having considered each of the lodestar factors in this matter, the Court finds that an adjustment upward is not warranted.

### III. Conclusion

Accordingly,

**IT IS ORDERED** that Standard Fire's **Motion to Fix Attorney's Fees (R. Doc.19)** is hereby **GRANTED**.  The Court finds that a total fee of **$218.00** is reasonable in the matter here.

**IT IS FURTHER ORDERED** that Emma Brown shall satisfy this obligation to Standard Fire no later than **twenty (20) days** from the issuance of this Order.

New Orleans, Louisiana, this 7th day of December 2009

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**